FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 26, 2018

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THERESA ANN H.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 4:17-CV-05184-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 13, 15. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her applications for Disability Insurance Benefits and Supplemental Security Income under Titles II & XVI of the Social Security Act, 42 U.S.C §§ 401-434 & 1381-1383F.

Additionally before the Court is Plaintiff's Motion to Supplement the Record with a request for remand pursuant to Sentence Four of 42 U.S.C. § 405(g),

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS ~ 1**

or in the alternative, pursuant to Sentence Six of 42 U.S.C. § 405(g). ECF No. 14. Plaintiff moves to supplement the Administrative Record with a medical source statement from Dr. Rox Burkett, M.D., dated October 10, 2016. *Id.* This evidence was unavailable at the time of the ALJ's decision, but was submitted to the Appeals Council as new evidence along with Plaintiff's request for review. The Appeals Council did not consider the statement, nor was it made a part of the administrative record. *Id.* at 5.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment in part and **DENIES** Defendant's Motion for Summary Judgment. The Court also **DENIES** Plaintiff's Motion to Supplement the Record.

## I. JURISDICTION

Plaintiff filed her applications for supplemental security income and disability insurance benefits on November 26 and December 2, 2013. AR 247-55. Her alleged onset date is February 1, 2011. AR 247, 249. Her applications were initially denied on February 14, 2014, AR 167-71, and on reconsideration on May 21, 2014, AR 174-78.

Administrative Law Judge ("ALJ") Laura Valente held a hearing on April 22, 2016. AR 46-108. On July 29, 2016, ALJ Valente issued a decision finding

Plaintiff ineligible for disability benefits. AR 20-30. The Appeals Council denied Plaintiff's request for review on September 18, 2017, AR 1-6, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits on November 14, 2017. ECF No. 1. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social

Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926;

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS ~ 4**

20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by

substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is

harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here. Plaintiff was 48 years old at the time of the ALJ hearing. AR 247. She has at least one year of college or vocational school. AR 267. Plaintiff's prior work experience includes: office manager, retail store manager, short order cook, cashier supervisor, cashier, and payroll clerk. AR 28. The record also indicates she did work as a bank teller. AR 268.

## V. THE ALJ's FINDINGS

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from February 1, 2011, through the date of the decision. AR 20-30.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2011, her alleged onset date (citing 20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.). AR 22.

**At step two**, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease, left hip arthritis, and migraines (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 22-25.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 25-26.

At **step four**, the ALJ found Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations: she can sit for one hour at a time after which she needs to stand and stretch for a few minutes, not away from her work station, she can continue working while in standing position, and she can sit again for another hour, repeating this procedure for a total of six hours in an eight-hour day; she can stand and/or walk for six hours of an eight-hour day; all postural activities are limited to frequently; and she must avoid concentrated exposure to extreme heat, extreme cold, and hazards. AR 26.

The ALJ determined that Plaintiff is capable of performing past relevant work as an office manager, retail store manager, short order cook, cashier supervisor, cashier II, and payroll clerk. AR 28-29.

At **step five**, the ALJ found that in light of her age, education, work experience, and residual functional capacity, there are also other jobs that exist in

significant numbers in the national economy that Plaintiff can perform. AR 29-30. These include "cleaner housekeeper" and "assembler, production." AR 30. The ALJ consulted a vocational expert and the Dictionary of Occupational Titles in making this determination. *Id.*

## VI. ISSUES FOR REVIEW

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues: (1) the ALJ improperly rejected Plaintiff's symptom testimony; (2) the ALJ improperly weighed the medical evidence; and (3) the Appeals Council erred in failing to consider and record the opinion of reviewing doctor Rox Burkett, M.D., and remand is appropriate. ECF Nos. 13, 14.

## VII. DISCUSSION

**A. Evidence Submitted to the Appeals Council After the ALJ's Decision.**

Plaintiff argues that the Court should consider additional evidence submitted to, but not considered by, the Appeals Council and add such evidence to the administrative record. Plaintiff asserts that the Appeals Council erred by improperly declining to consider the additional medical opinion evidence that related back to the disability time period considered by the ALJ. Plaintiff further asserts that, in light of the additional evidence, a sentence four, or in the alternative, sentence six remand to the Appeals Council or the ALJ for further

proceedings is appropriate because there is a reasonable probability that it would change the outcome of the decision. ECF Nos. 13, 14. The additional evidence consists of a medical source statement from Dr. Rox Burkett, M.D., dated October 10, 2016. ECF No. 14 at 8-12. The Appeals Council elected not to consider the evidence or include it in the administrative record. AR 2. The Commissioner argues the Appeals Council did not err because substantial evidence in the record continues to support the ALJ's decision, regardless of Dr. Burkett's statement. ECF No. 15 at 12-13.

### 1. Legal standard.

While the Court may review the final decisions of the Commissioner of Social Security, under 42 U.S.C. § 405(g), the Court does "not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action." *Id*. at 1161. However, while a court cannot reverse such an Appeals Council's denial of review, it can review whether the Appeals Council improperly failed to consider additional evidence. *Taylor v. Comm'r of Soc. Sec. Admin.,* 659 F.3d 1228, 1231 (9th Cir. 2011). Further, "where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Id*. at 1233.

After the ALJ renders a decision denying benefits, the claimant may seek review by the Appeals Council. 20 C.F.R. §§ 404.970, 416.1470. The Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council to consider when determining whether to review the ALJ's decision. *Id*. The Council will receive and consider that evidence under circumstances enumerated in the applicable regulations. *Id*.

In December 2016, the Social Security Administration ("SSA") revised several of its regulations, including, 20 C.F.R. §§ 404.970 and 416.1470, in a final rule that became effective on January 17, 2017. *See Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process*, 81 Fed. Reg. 90987-01 (Dec. 16, 2016). The two regulations address when the Appeals Council will receive and consider additional evidence that was not before the ALJ. 20 C.F.R. §§ 404.970 and 416.1470.

The previous versions of 20 U.S.C. §§ 404.970 and 416.1417, required the Appeals Council to consider newly submitted evidence so long as it was *new* and *material* and *related to the period* on or before the ALJ's hearing decision. (2015) (emphasis added). The revised version of the regulations places a higher burden on the plaintiff to have additional evidence considered, adding two additional requirements that must be met before additional evidence will be considered — a reasonable probability that it would change the outcome of the decision and a

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS** ~ 11

showing of good cause for why the evidence was not previously submitted. *Id*. (2017).

### 2. The Appeals Council improperly applied the current version of the regulation to the additional evidence.

In the case at hand, Plaintiff filed her claims in November and December of 2013, her request for review of the ALJ's decision was filed with the Appeals Council on September 21, 2016 and she submitted her additional evidence to Appeals Council on October 17, 2016, before the new rule went into effect. ECF No. 13 at 1, 8; AR 4. On March 24, 2017, the Appeals Council sent Plaintiff a letter informing her that the revised regulations would go into effect on May 1, 2017, and that the Appeals Council would be applying the much stricter, revised version of the regulations when considering whether to review her case. AR 8-9. The Appeals Council denied Plaintiff's request for review on September 18, 2017. AR 1-4.

The Court must first determine whether or not the new version of the regulations applies retroactively. In determining retroactivity of a regulation, a court follows a two-step process. *Bowen*, 488 U.S. at 208. First, a court looks to whether Congress has given the agency promulgating the regulation authority to make retroactive rules, and second a court looks to whether the language of the regulation at issue is such that it must be considered retroactive. *Id*. ("It is axiomatic that an administrative agency's power to promulgate legislative

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS** ~ 12

regulations is limited to the authority delegated by Congress."); *Frost v. Barnhart* 314 F.3d 359, 371 (9th Cir. 2002) (("Regulations cannot be applied retroactively unless Congress has so authorized the administrative agency and the language of the regulation requires this result.").

The Ninth Circuit has already held that Congress generally has not granted the SSA retroactive rulemaking authority. *Frost*, 314 F.3d at 371. 42 U.S.C. § 405(a), grants the SSA rulemaking power, but does not expressly grant retroactive rulemaking power. Additionally, the Supreme Court stated, "[e]ven where some substantial justification for retroactive rulemaking is presented, courts should be reluctant to find such authority absent an express statutory grant." *Brimstone R. Co. v. U.S.*, 276 U.S. 104, 122 (1928); *See also Bowen v. Georgetown Univ. Hops.*, 488 U.S. 204, 208 (1988). Furthermore, there is no language in the 2017 version of 20 U.S.C. §§ 404.790, 416.1470, or in the final rule released in December, that would indicate that the SSA intended to apply the revisions retroactively.

The SSA does not have authority to make retroactive regulations, but even in the event that it did, the language of the new regulations does not indicate any intention to apply them retroactively.

As such, the Court finds that the version of regulations 404.970 and 416.1470 that were in effect in 2016, when Plaintiff's claim and evidence were pending with the Appeals Council, should have been applied to Plaintiff's

additional evidence. *See Horton v. Berryhill*, 2018 WL 3321201 at *8, n4 (E.D. Va. June 19, 2018), report and recommendation adopted, 2018 WL 3312992 (E.D. Va. July 5, 2018) (the court found that the versions of 20 U.S.C. §§ 404.970, 416.1470 that were in effect when the plaintiff filed her request for review with the Appeals Council were the proper regulations to apply to her claim).

### 3. The Appeals Council erred by failing to consider additional evidence that was new, material, and relevant to the time period.

Here, Plaintiff had already filed her claim and submitted the evidence to the Appeals Council, months before the new regulations went into effect. The new versions of the regulations attached new legal consequence because they changed the standard by which the Appeals Council would consider the evidence and make it a part of the administrative record for review. Because Plaintiff's evidence was new and material and it applied to the relevant period, under the regulations in effect at the time Plaintiff filed her request for review and her new evidence, the Appeals Council would have been required to consider the evidence and make it a part of the administrative record. 20 U.S.C. § 404.970 (2015); *See also Mayes*, 276 F.3d at 463.

The new evidence consists of a medical source statement from Dr. Rox Burkett, M.D., dated October 10, 2016. ECF No. 14 at 8-12. This additional evidence submitted to the Appeals Council, includes the only doctor who has submitted an opinion based on the evidence post-May 2014. AR 28. Significant

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS** ~ 14

medical history post-May 2014 is included in the record, including: (1) x-rays of Plaintiff's lumbar spine taken August 18, 2015; (2) results of an MRI of the lumbar spine taken October 12, 2015; (3) an MRI of the cervical spine taken December 14, 2015; (4) a prescription in September 2015 for narcotics to control pain; (5) notations in July 2014 and January and September 2015 that Plaintiff used a cane to walk; (6) records of "increased spasticity in the lower extremities and clonus in the ankles" in January and October 2015 and January 2016; and (7) records of "bilateral coarse tremors with an inability to perform coordinator and finger-to-nose tests on exam" in October 2015. *See* ECF No. 14 at 3.

Where the Appeals Council declines to consider the additional evidence and does not admit it to the record, a reviewing court may remand pursuant to sentence four of 42 U.S.C. § 405(g). "Where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Taylo*r, 659 F.3d at 1233; *see also* 42 U.S.C. § 405(g); *Ramirez v. Shalala*, 8 F.3d at 1449.

Therefore, remand is appropriate because the evidence at issue is new, material, and relates to the relevant time period, 20 U.S.C. § 404.970 (2015), and the Appeals Council should have considered it and made it a part of the record. *See Taylo*r, 659 F.3d at 1233.

As this new evidence has not been properly considered, remand for further proceedings is appropriate in order to allow the Commissioner to reconsider its decision in light of Plaintiff's additional medical opinion evidence.

### B. The Court Declines to Determine Plaintiff's Remaining Assertions of Error.

As the Court finds that remand for additional findings is appropriate, the Court need not address Plaintiff's additional allegations of error. *Id.*at 1235 ("Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated."). Further, Plaintiff's request for an immediate award of benefits is denied as further proceedings are necessary to develop the record.

## VIII. CONCLUSION

Having reviewed the record the Court finds that the Appeal's Council erred by failing to consider Plaintiff's additional evidence.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART.**

2. Defendant's Motion for Summary Judgment, **ECF No. 15,** is **DENIED.**

3. Plaintiff's Motion to Supplement the Record, **ECF No. 14**, is **DENIED.**

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS** ~ 16

4. This matter is REMANDED to the Commissioner for further proceedings consistent with this Order.

5. Judgment shall be entered in favor of Plaintiff and the file shall be **closed**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 26th day of October, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS** ~ 17